IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOLID WASTE SERVICES, INC. et al., | : | |
| Plaintiffs, | : | |
| v. | : | MISC. ACTION |
| | : | NO. 15-264 |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | |

## ORDER

On December 3, 2015, Solid Waste Services, Inc., FR&S, Inc., MRAC, Inc., and WPAC, Inc. (collectively "Petitioners" or "Taxpayers") filed a Petition to Quash the Internal Revenue Service (the "IRS" or "Respondent") third-party Summonses (the "Summonses") served upon Citizens Bank of Pennsylvania ("Citizens") related to an underlying action between Respondent and Petitioners. (Dkt No. 1 [hereinafter Pet.]; Summonses, Pet., Ex. A.) On December 17, 2015, Respondent moved for summary denial and dismissal of the Petition. (Dkt No. 4 [hereinafter MTD].) In support of this Motion, Respondent submitted the Declaration of Revenue Agent Gerald C. Arnett. (Dkt No. 4, Decl. of Revenue Agent Gerald Arnett.) Petitioners never responded to this Motion.

This Court ordered the pending Petition and Motion referred to the Honorable Lynne A. Sitarski, United States Magistrate Judge, for a Report and Recommendation ("R&R"). (Dkt No. 5.) On January 13, 2016, Judge Sitarski issued the R&R. (Dkt No. 6 [hereinafter R&R].) On January 27, 2016, Petitioners timely filed objections thereto. (Dkt No. 9 [hereinafter Objs.].) In support of their objections, Petitioners submitted an affidavit from their counsel, Ronald M. Warren, Esq. (Dkt No. 9, Affidavit of Ronald M. Warren [hereinafter Warren Aff.].) On February 1, 2016, Defendant filed a response thereto. (Dkt No. 11 [hereinafter Resp.].)

AND NOW, this 19th day of February, 2016, after independent review of the R&R and the complete record, it is hereby ORDERED that:

1. Petitioners' Objections are OVERRULED;[1]

---

[1] The Court has jurisdiction pursuant to 26 U.S.C. § 7609(h)(1) and 28 U.S.C. § 1340. When timely objections are filed to the R&R of a magistrate judge, the district court must review *de novo* those portions of the R&R to which objection is made. 28 U.S.C. § 636(b)(1). If there are no objections to the R&R or when reviewing those portions of the R&R to which no objections are directed, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to

accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1)(C). Alternatively, the district court "may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Petitioners raise two objections. First, Petitioners allege that Judge Sitarski failed to properly apply the standard in Federal Rule of Civil Procedure 26(b) ("Rule 26"), requiring analysis of proportionality. (Objs. at 1-5.) Second, Petitioners allege that Judge Sitarski failed to order an evidentiary hearing. (Objs. at 2, 5-7.)

First, Petitioners allege that Judge Sitarski erred in failing to conduct a proportionality analysis pursuant to Rule 26 regarding whether or not the requested documents were already in the IRS's possession. (Objs. at 4-5.) Petitioners are correct that Judge Sitarski did not explicitly reference a Rule 26 proportionality analysis. (*See* R&R at 8-9.) However, this objection is overruled.

IRS summons enforcement actions are governed by specific provisions of the Internal Revenue Code. *See* 26 U.S.C. §§ 7602-13. To establish a prima facie case for enforcement of a summons, the IRS must show that (1) the summons was issued for a proper purpose; (2) the information sought may be relevant to that purpose; (3) the information sought is not already in the IRS's possession; and (4) the required administrative steps have been taken (collectively "the *Powell* factors"). *United States v. Powell,* 379 U.S. 48, 57-58 (1964). After the IRS supports its prima facie case, the taxpayer bears the burden of disproving any one of the four *Powell* factors or otherwise demonstrating that "enforcement of the summons will result in an abuse of the court's process." *United States v. Rockwell Int'l,* 897 F.2d 1255, 1262 (3d Cir. 1990). Taxpayers bear a "heavy burden." *Pickel v. United States,* 746 F.2d 176, 183-85 (3d Cir. 1984). To properly challenge the IRS's prima facie case, "Petitioners must present evidence in the form of affidavits." *Bodensee Fund, LLC v. U.S. Dep't of Treasury-I.R.S.*, 2008 WL 1930967, at *3 (E.D. Pa. 2008). The *Powell* factors are the sole, proper focus of a Court's analysis of summons enforcement proceedings. *C.f. United States v. Clarke*, 134 S. Ct. 2361, 2365 (2015) (holding that to succeed in an enforcement action, the IRS must establish the *Powell* factors), *Rockwell Int'l*, 897 F.2d at 1261 (holding that "the proper focus" of summons enforcement proceedings is the *Powell* factors); *United States v. Barney*, 2008 WL 2537135, at *1 (W.D. Pa. 2008) (holding that application of the *Powell* factors was "well established" as "[t]he standard for judicial enforcement of an IRS summons"); *United States v. OMT Supermarket, Inc.*, 995 F. Supp. 526, 530 (E.D. Pa. 1997) ("Petitioners must only satisfy...[the *Powell* factors]...in order to enforce an IRS summons.").

Petitioners do not dispute that Judge Sitarski correctly applied the *Powell* factors to this case. Further, Petitioners did not supply, and the Court could not find on independent review, any case law where courts applied a Rule 26 analysis in addition to the *Powell* factors. The recent amendments to Rule 26 do not change the validity of the *Powell* factors as the "standard for judicial enforcement of an IRS summons." Simply put, Judge Sitarski applied the correct test.

Moreover, Judge Sitarski's analysis directly incorporated the considerations that Petitioners allege she failed to consider. Petitioners state that pursuant to Rule 26, Judge Sitarski should have considered "the parties' relative access to relevant information." (Objs. at 5.) Judge Sitarski considered just that. Judge Sitarski directly addressed the *Powell* factor of whether or not "the information sought is not already in the IRS's possession." (R&R at 6-7.) The Court overrules this objection.

Second, Petitioners allege that Judge Sitarski erred in failing to grant an evidentiary hearing prior to her ruling. (Objs. at 5-7.) After the IRS makes its prima facie showing, the burden shifts to the taxpayer "to negate the existence of a proper civil purpose." *United States v. Genser*, 582 F.2d 292, 302 n. 15(3d Cir. 1978). "[I]f at this stage the taxpayer cannot refute the government's [p]rima facie *Powell* showing or cannot factually support a proper affirmative defense, the district court should dispose of the proceeding on the papers before it and without an evidentiary hearing." *United States v. Garden State Nat. Bank*, 607 F.2d 61, 71 (3d Cir. 1979). The taxpayer is entitled to an evidentiary hearing where the taxpayer has

2. The Report and Recommendation is APPROVED and ADOPTED;

3. Petitioners' Petition to Quash Summonses is DENIED;

4. Respondent's Motion for Summary Denial of Petition to Quash and for Summary Enforcement of Summonses is GRANTED.

BY THE COURT:

/s/ C. Darnell Jones, II
_____

C. Darnell Jones, II    J.

---

presented a disputed factual issue, supported by the taxpayer's affidavits. *Id.* (citing *United States v. McCarthy*, 514 F.2d 368, 368 (3d Cir. 1975)).

In this case, Petitioners did not file any response whatsoever to Respondent's Motion. As such, Judge Sitarski was absolutely correct to dispose of the proceedings on the record. Now, after the filing of the R&R, Petitioners allege that there are misstatements in Respondent's affidavit. (Objs. at 5.) To support this argument, Petitioners submitted a new declaration by their counsel. (Warren Aff.) The Court will not consider this new evidence and line of argument.

According to Eastern District of Pennsylvania Local Rule 72.1(IV)(c), "[a]ll issues and evidence shall be presented to the magistrate judges, and unless the interest of justice requires it, new issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge." The submission after the R&R of a new affidavit violates this rule. Petitioners had the opportunity to respond to Respondent's Motion. They failed to do so. These arguments, and the affidavit, could obviously have been submitted to the magistrate judge. Pursuant to Local Rule 72, the Court will not now consider these arguments or the affidavit on the merits. *C.f. Jones v. Astrue*, 872 F. Supp. 2d 428, 435 (E.D. Pa. 2012) ("Because plaintiff raised his argument (that the vocational expert's testimony was flawed) for the first time in his objections, [the magistrate judge] did not err by failing to address this issue..."); *Ricciardi v. Ameriquest Mortgage Co.*, 2004 WL 1427121, at *1 n. 1 (E.D. Pa. 2004), *aff'd* 164 F. App'x 221 (3d Cir. 2006) (declining to consider the plaintiff's objections on the merits because the plaintiff's objections to the report and recommendation raised new issues and evidence that could have been presented to the magistrate judge).

In conclusion, Petitioners' objections are overruled. The Report and Recommendation is affirmed.

3